WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Kosies, | No. CV 10-686-TUC-CRP |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn Colvin, Acting Commissioner of Social Security Administration, | |
| Defendant. | |

This action commenced when Plaintiff Gregory Kosies sought judicial review of Defendant's decision denying his applications for disability insurance benefits and supplemental security income. Upon consideration of the parties' briefs on the issue, this Court entered an Order reversing the decision and remanding the matter for further proceedings. (Doc. 22). Plaintiff's counsel now seeks attorneys' fees in the amount of $4,141.28 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Docs. 24, 26). Although Defendant does not contest the amount of fees requested, Defendant argues that fees are not warranted because the government's action in this case was substantially justified (Doc. 25). For the following reasons, the Court grants Plaintiff's request for attorneys' fees.

**DISCUSSION**

The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States, although fee-shifting is not mandatory." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010). Plaintiff is a prevailing party because the decision denying his benefits has been remanded for further proceedings. *See Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001).

Under the EAJA reasonable attorneys' fees shall be awarded unless Defendant

1 shows her position in this case was "substantially justified or that special circumstances
2 make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gutierrez*, 274 F.3d at 1258.
3 "Substantially justified" means "'justified in substance or in the main'—that is, justified
4 to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552,
5 565, (1988); *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2005). "Put
6 differently, the government's position must have a 'reasonable basis both in law and
7 fact.'" *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce,* 487 U.S. at
8 565). Further, the EAJA's reference to the government's position encompasses "both the
9 government's litigation position and the underlying agency action giving rise to the civil
10 action." *Meier,* 727 F.3d at 870 (citations omitted). The government bears the burden of
11 showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*,
12 408 F.3d 613, 618 (9th Cir. 2005).

13 Defendant argues that an award of attorney's fees should be denied because her
14 position was substantially justified. (Response (Doc. 25)). In the context of a Social
15 Security disability determination, "district courts should focus on whether the
16 government's position on the particular issue on which the claimant earned remand was
17 substantially justified, not on whether the government's ultimate disability determination
18 was substantially justified." *Hardisty*, 592 F.3d at 1078 (citing *Flores v. Shalala*, 49 F.3d
19 562, 569 (9th Cir. 1995)). A position can be substantially justified pursuant to the EAJA
20 even when the position is ultimately incorrect. *Pierce*, 487 U.S. at 566 n.2. The test for
21 determining whether a position was substantially justified, therefore, focuses on whether
22 "a reasonable person could think it correct[.]" *Id*. If "there is a genuine dispute" between
23 reasonable minds then the position is "substantially justified" pursuant to the EAJA. *Id*. at
24 565. However, the government's defense of "basic and fundamental errors" cannot be
25 considered as substantially justified. *Shafer v. Astrue*, 518 F.3d 1067, 1071-72 (9th Cir.
26 2008) (holding that it was legal error to discredit claimant's testimony without giving
27 clear and convincing reasons, and that the Commissioner was not substantially justified
28 in defending it).

1  In this case, the Court found that Defendant's final decision merited remand
2  because: (1) examining Doctor Rothbaum's opinion was in conflict with other significant
3  evidence in the record and, thus, the Appeal Council's finding that Dr. Rothbaum's
4  opinion was entitled to "great weight" because it was "consistent with the totality of the
5  evidence" was erroneous (Order (Doc. 22), pp. 2-5); (2) the ALJ failed to meet his burden
6  by providing specific and legitimate reasons for discounting treating Dr. Levi's opinion
7  (*id.* at pp. 6-7); (3) the ALJ failed to meet his burden by stating germane reasons to
8  discount Nurse Practitioner Amanti's opinion and, instead, improperly arbitrarily
9  substituted his own medical assessment to support his rejection of same (*id.* at pp. 8-9);
10 and (4) the ALJ was incorrect on all three points on which he based his decision to
11 discount Plaintiff's credibility (*id.* at pp. 9-11).   The government contends that the
12 underlying administrative decision and the decision to oppose Plaintiff's request for
13 judicial review "had a reasonable basis in the facts." (Doc. 25, pp. 5-12).

14  While the Court acknowledged in its remand decision that the record contained
15 conflicting evidence related to Plaintiff's impairments and pain (Doc. 22, pp. 4-5, 7, 11),
16 the law is clear that the ALJ is responsible for resolving conflicts in the medical
17 testimony, determining credibility, and resolving ambiguities, *see Andrews v. Shalala,* 53
18 F.3d 1035, 1039 (9th Cir. 1995), and the record was equally clear that the ALJ completely
19 failed to fulfill this responsibility given his "fail[ure] to resolve any of the many conflicts
20 in the medical evidence." (Doc. 22, p. 7; *see also id.* at pp. 4-5, 7, 11).   Moreover, the
21 ALJ's burden to state legally sufficient reasons to reject or discount testimony is also
22 clear under the law. *See e.g. Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995) (setting out
23 ALJ's burden to reject physician testimony); *Lewis v. Apfel,* 236 F.3d 503, 311 (the ALJ
24 must provide germane reasons for discounting a nurse practitioner's opinion); *Robbins v.*
25 *Social Sec. Admin,* 466 F.3d 880, 884 (9th Cir. 2006) (stating test for discounting a
26 claimant's credibility).   Yet, the ALJ failed to satisfy his burden.   The Ninth Circuit has
27 found that an ALJ's "[f]ailure to make findings and weigh evidence…" constitute
28 "serious" errors. *Shafer,* 518 F.3d at 1072 (quoting *Corbin v. Apfel,* 149 F.3d 1051, 1053

(9th Cir. 1998)).

Here, the ALJ's decision was unsupported by substantial evidence and based on legal error given his failure to state legally sufficient reasons to support the decision to deny benefits. Defense of such "basic and fundamental errors" lack substantial justification on this record. *Id.* When the government's underlying position is not substantially justified, the Court need not address whether the government's litigation position was justified. *Meier*, 727 F.3d at 872 (citing *Shafer,* 518 F.3d at 1071). Moreover, consideration of the government's position in this litigation, would inevitably result in the conclusion that the government's defense of the ALJ's errors is not substantially justified. *See e.g., Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir.1996) (stating that "[i]t is difficult to imagine any circumstance in which the government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not."); *Meier,* 727 F.3d at 873 (same); *Green v. Colvin,* 2013 WL 1878924 at *2 (D. Ariz. May 3, 2013) ("While it may be possible that some decision will be unsupported by substantial evidence or based on legal error and yet still have a reasonable basis in law and fact, this is not that case."). This is especially so given that Defendant's attempt to establish substantial justification essentially restates her arguments that the Court previously rejected in its order remanding this matter for further proceedings. *See Meier,* 727 F.3d at 873 (rejecting government's attempt to establish substantial justification for its position by relying on arguments raised on previous unsuccessful appeal); *Shreve v. Colvin,* 2013 WL 4010993 at *3 (D. Ariz. Aug. 6, 2013) (rejecting government's reliance on arguments made in opposing judicial review of the Commissioner's decision to show substantial justification for its position). In light of the errors in the ALJ's analysis, the Court cannot conclude that the government was substantially justified in defending the administrative decision in this case. Consequently, the Court will award Plaintiff attorneys' fees under the EAJA.

Defendant does not contest the amount of fees requested. However, Defendant points out that, although Plaintiff assigned his rights to such fees to his attorney, in light

of *Astrue v. Ratliff,* 560 U.S. 586 (2010), EAJA fees awarded "belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B))." (Doc. 25, p. 12).  Defendant proposes, and Plaintiff has not objected to, Defendant making fees payable directly to Plaintiff's counsel if Defendant determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and agrees to waive the requirements of the Anti-Assignment Act. (*Id.* at pp. 12-13).  However, if Plaintiff owes a debt under the Treasury Offset Program, then Defendant cannot agree to waive the requirements of the Anti-Assignment Act, and any remaining EAJA fees after offset will be paid by a check made payable to Plaintiff but delivered to Plaintiff's attorney.  (*Id.* at p. 13).

**CONCLUSION**

For the foregoing reasons, Plaintiff is to entitled attorneys' fees in the uncontested amount of $4,141.28.  Accordingly,

IT IS ORDERED that Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)), in the amount of $4,141.28 is GRANTED.  Payment will be delivered to Plaintiff's attorney at his office:  John A. Gravina, Esq., 3546 N Euclid Ave., Tucson, AZ 85719-1743.

IT IS FURTHER ORDERED that if, after receiving the Court's EAJA fee order, the Commissioner: (1) determines upon effectuation of the Court's EAJA fee order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act (31 U.S.C. § 3727(b)), the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the remaining EAJA fees after offset will be paid by check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 1st day of May, 2015.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE