WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Kosies,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-10-00686-TUC-CRP<br><br>**ORDER** |

Plaintiff through counsel has filed a Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 28, Motion), and counsel's Affidavit in Support (Doc. 29 *as supplemented by* Doc. 32). Defendant has filed a Response to the Motion for Award of Attorney Fees. (Doc. 30). This case is before the Magistrate Judge based on the parties' consent. (Doc. 12).

On February 12, 2013, the Court filed an Order reversing Defendant's decision denying insurance benefits and remanding for further proceedings. (Doc. 22, Order). On May 4, 2015, the Court filed an Order granting Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,141.28. (Doc. 27, EAJA Order).

Plaintiff's counsel now seeks $11,560 in attorney's fees for representing Plaintiff on a contingency fee basis. (Doc. 28). Plaintiff's counsel has submitted with the Motion the Notice of Change in Benefits (Doc. 28-2), counsel's summary of billing (Doc. 28-1), Petition

for Approval of a Fee for Representing a Claimant before the Social Security Administration (Doc. 28-3), counsel's Affidavit (Doc. 29) and a copy of the attorney fee contract between Plaintiff and his counsel (Doc. 32). Defendant has filed a Response stating no position or no objection to the § 406(b) Motion. (Doc. 30, Response).

Plaintiff retained counsel under a contract with a contingency fee agreement in which Plaintiff agreed that if he lost at the ALJ hearing and his "attorney agrees to appeal and I win my case later, the fee will be twenty-five (25%) of all past due benefits awarded to my family and me." (Doc. 32-1, Supplement (emphasis omitted)). Counsel states that Plaintiff is entitled to $46,240 in past-due Social Security disability benefits. (Doc. 29, Affidavit ¶ 4). The Social Security Administration has withheld $11,560 for direct payment of attorney fees ( Doc. 28-2) and this amount constitutes 25% of Plaintiff's past-due benefits. (Doc. 29, Affidavit ¶ 4).

Under 42 U.S.C. § 406(b)(1)(A), when a claimant represented by counsel has received a favorable judgment, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits[.]" The Court "review[s] for reasonableness" the fee yielded by contingency fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). The Court may consider the character of the representation, the results achieved, performance, delay, and whether the benefits are in proportion to the time spent on the case. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

Plaintiff's counsel claims 53.67 hours of service on this case in the federal district court. (Doc. 29, Affidavit ¶ 10; Doc. 28-1, Summary of Billings). This results in an hourly rate of approximately $214 based on the $11,560 withheld amount. The Court has considered counsel's successful representation of Plaintiff, any delay in the proceedings, the contingency fee agreement, and the risk inherent in a contingency fee arrangement.

The Court has previously discussed the errors committed by the Appeals Council and the Administrative Law Judge in finding that the government was not substantially justified

- 2 -

1 in defending the administrative decision in this case. (Doc. 27, EAJA Order). The ALJ's
2 decision was unsupported by substantial evidence and based on legal error given his failure
3 to state legally sufficient reasons to support the decision to deny benefits. (*Id*).

4     Plaintiff's counsel did not seek any extension of time regarding the filing of his legal
5 memorandum in the proceedings before this Court. The record provides no reason for a
6 reduction in the requested fees award on the basis of the character of counsel's representation,
7 the results achieved, or delay in the proceedings attributable to Plaintiff's counsel.

8     The record does not suggest any reason to question the propriety of the contingency
9 fee agreement in this case. There is no showing that the fees requested exceed the twenty-
10 five percent cap. The Court is mindful of the contingent-fee nature of this case and the risk
11 imposed on counsel in agreeing to represent Plaintiff under such terms.

12     The district court may reduce a § 406(b) award if "benefits ... are not in proportion to
13 the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808).
14 "If the benefits are large in comparison to the amount of time counsel spent on the case, a
15 downward adjustment is ... in order." *Gisbrecht*, 535 U.S. at 808. The fee sought must be
16 reasonable "for the services rendered." *Id*. at 807. The reviewing court should not allow a
17 "windfall." *Id*. at 808.

18     As noted in *Gisbrecht*, "§ 406(b) does not displace contingent-fee agreements as the
19 primary means by which fees are set for successfully representing Social Security benefits
20 claimants in court." *Gisbrecht*, 535 U.S. at 807   However, "§ 406(b) calls for court review
21 of such arrangements as an independent check, to assure that they yield reasonable results in
22 particular cases." *Id*. (footnote omitted).

23     Plaintiff's counsel states in his affidavit that his regular non-contingent hourly rate is
24 $225. (Doc. 29, Affidavit ¶ 6). The benefits awarded are in proportion to the time spent on
25 the case and the requested attorney fees. The Court, in its discretion and taking into account
26 counsel's risk involved in the contingency fee arrangement in this case, finds that counsel's
27 request for $11,560 is a reasonable fee amount. Plaintiff's attorney's Motion for attorney fees
28

- 3 -

1  will be granted. Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded
2  under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.
3  Accordingly,
4  **IT IS ORDERED** that Plaintiff's Attorney's Motion for Authorization of Attorney
5  Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 28) is granted to the extent that counsel is awarded
6  $11,560 in attorney's fees.
7  **IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the
8  lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.
9  DATED this 3rd day of November, 2016.

*[Signature]*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 4 -